McHUGH, J.
This is a prosecution under the Hobbs Act for the gunpoint robbery of a Subway sandwich shop in West Philadelphia on January 18, 2014. By the Government's view of the case, Defendant Terrance Hill was actually involved in a total of five robberies, including the robbery that is the subject of this prosecution, together with an accomplice who is now cooperating with the Government. Hill has in fact pleaded guilty in state court to two of the other robberies in which the cooperating witness was involved. One of the robberies to which Mr. Hill has pleaded guilty occurred on the same date as the robbery in this case, approximately four hours later. The other occurred five days later on January 23, 2014.
Accordingly, the Government seeks to admit Hill's guilty pleas in those cases together with surveillance videos of the robberies themselves as proof that Hill was involved in the robbery in this case. Having considered the parties' submissions and heard oral argument, I am persuaded that the robbery that occurred later on January 18, 2014-the same day as the one at issue in this case-is properly admitted under Federal Rule of Evidence 404(b). But because I am concerned that evidence of the robberies five days later veers too heavily toward proving no more than propensity, and magnifies the risk of unfair prejudice, evidence from the robberies of January 23, 2014, will be excluded.
Rule 404(b), colloquially referred to as "prior bad acts," precludes use of evidence of a "crime, wrong, or other act" to "show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). In practical terms, if the evidence proves nothing further than a propensity to commit a criminal act, Rule 404 would prohibit its admission, and so the question then becomes whether there is a proper non-propensity purpose served by its admission. Within the Third Circuit, this rule was traditionally labeled "inclusionary" and "a general rule of admissibility." See, e.g., *269 United States v. Long , 574 F.2d 761, 765-66 (3d Cir. 1978) ; United States v. Green , 617 F.3d 233, 244 (3d Cir. 2010). More recently, two panels in the Third Circuit have described 404(b) as "a rule of general exclusion" which "directs that evidence of prior bad acts be excluded-unless the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." United States v. Caldwell , 760 F.3d 267, 276 (3d Cir. 2014) ; see also United States v. Brown , 765 F.3d 278, 291 (3d Cir. 2014). As the Government correctly observes, one panel of the Court of Appeals cannot overrule precedent from another, which has raised some question as to the prevailing rule in this circuit. Thereafter, the Third Circuit attempted to reconcile any potential conflict, stating: "In sum, Rule 404(b) is a rule of exclusion, meaning that it excludes evidence unless the proponent can demonstrate its admissibility, but it is also 'inclusive' in that it does not limit the non-propensity purposes for which evidence can be admitted." United States v. Repak , 852 F.3d 230, 241 (3d Cir. 2017).
I am not convinced that how one categorizes the rule is of overriding importance to the role of a district court. As I have previously stated: "Regardless of whether Rule 404(b) is one of 'inclusion' or 'exclusion,' it is clear to me that it is a rule of precision , requiring a proponent to articulate a specific, non-prohibited purpose for the evidence, which in practical terms, means a purpose other than propensity." United States v. York , 165 F.Supp.3d 267, 269 (E.D. Pa. 2015). In this case, the Government can show such a purpose with respect to the January 18, 2014, robbery to which Mr. Hill has pleaded guilty.
As one of the permitted uses of evidence, Rule 404(b)(2) includes evidence offered to prove the "identity" of a person. Here, the identity of the robbers is the central issue. Surveillance video taken from the Subway shop which is the focus of this case shows the robbers entering close to 6:00 p.m. It shows them dressed in certain clothes, but their faces are obscured. The shop is located in West Philadelphia. Some four hours later, another robbery occurred on the outer edge of West Philadelphia, at the Hibachi Grill. That store is approximately a twenty-minute drive from the Subway location. At the precise moment the later robbery occurred, the perpetrators' faces were again covered. But before the robbery itself, surveillance cameras captured both Mr. Hill and the cooperating witness with their faces exposed in full view as they exited from the restroom. Not surprisingly, both later pleaded guilty to the robbery.
To support an inference that the two robberies were committed by the same men, the Government seeks to admit the surveillance from the Hibachi Grill robbery to compare the height of and the clothing worn by the perpetrators. In particular, the Government seeks to demonstrate the relative differences in height between Defendant Hill and its cooperating witness, which is reflected by both videos. The Government also seeks to point out that two items of clothing being worn by Mr. Hill during the robbery of the Hibachi Grill also appear in the video of the Subway robbery-striped sweat pants and Nike sneakers with a distinctive pattern.
Having reviewed both the full videos and still frame captures, I conclude that the evidence is certainly probative, and that the Government can articulate the non-propensity "chain of inferences" required by Caldwell, 760 F.3d at 277. Given the proximity in time, the easily travelled distance to the location of the second robbery, the differences in height between Mr. Hill and the cooperating witness, and the similarities in clothing, the surveillance footage *270 from the later robbery that Hill admits to committing strongly supports an inference that he was also involved in the Subway robbery four hours earlier. I reject the Government's contention that the Hibachi Grill footage is properly admitted to show intent, modus operandi , or a common plan, but deem it proper for proof of identity.
The question then becomes whether the undeniably prejudicial impact of the evidence outweighs it probative value. To determine the admissibility of evidence under Rule 403, a court must weigh: (1) the need for the evidence in light of (a) the contested trial issues and (b) the other evidence available to the government; (2) the strength of the evidence; and (3) the danger that the evidence will inflame the jurors and cause them to convict on impermissible grounds. United States v. Sriyuth , 98 F.3d 739, 748 (3d Cir. 1996). As noted above, identity is the central issue in this case. The Government has other evidence, but all of it is testimonial, consisting of the testimony of the cooperating witness, and at least one other accomplice who was not prosecuted federally. Such witnesses are properly impeached by their self-interest in testifying favorably for the Government. In contrast, the surveillance video constitutes evidence of a more objective nature that is not subject to the same vulnerabilities as testimony. As such, it is of independent strategic value to the prosecution's presentation of the case. The evidence is highly probative, and is therefore properly excluded only if the prejudicial effect "substantially outweighs its probative value." Repak , 852 F.3d at 246.
"The prejudice against which Rule 403 guards is unfair prejudice-prejudice of the sort which clouds impartial scrutiny .... The fact that probative evidence helps one side prove its case obviously is not grounds for excluding it under Rule 403." United States v. Starnes , 583 F.3d 196, 215 (3d Cir. 2009) (citations and quotations omitted). Or, as the Court of Appeals insightfully observed in Carter v. Hewitt , "[v]irtually all evidence is prejudicial or it is not material." 617 F.2d 961, 972 n.14 (3d Cir. 1980). Here, although the impact of the evidence is likely substantial, that is in large measure because of the degree to which the evidence is probative. As such, it is evidence that might persuade the jury, but not evidence that should inflame them.
Finally, the Court can craft a strongly worded cautionary instruction stating that, in the trial on the current charge, Mr. Hill's acceptance of responsibility for the later robbery cannot count against him. United States v. Lee , 612 F.3d 170, 191 (3d Cir. 2010) ; United States v. Givan , 320 F.3d 452, 462 (3d Cir. 2003).
As to the robberies on January 23, 2014, the Government's Motion will be denied. The defense is correct that far more inferences would need to be drawn to render those incidents probative, and that at least some of the links in the chain would necessarily involve an inference tied to propensity.
Furthermore, because I am allowing evidence from the later robbery on January 18, I must separately consider the cumulative effect of allowing further testimony concerning additional criminal acts. Where the prosecution seeks to admit more than one prior conviction or "bad act," and the court agrees that some of the evidence is properly admitted, the court should stop at each step to recalibrate the Rule 403 scale to take into consideration the overall impact on the jury. The probative value of any instance of conduct can certainly be evaluated individually, but the analysis for prejudice must at each step take into account the combined effect of allowing multiple instances of such conduct *271 to be heard by the jury. Having concluded that evidence of the July 18 robbery is admissible, the prejudicial effect of allowing additional evidence about one or more of the January 23 robberies is magnified. Moreover, in addition to tilting the Rule 403 scale further in the direction of unfair prejudice, the cumulative nature of the evidence would also more likely lead the jury to consider it for the improper purpose of showing propensity.
I hold that in performing a Rule 403 analysis in the context of Rule 404(b), it is not only proper but necessary to consider the cumulative effect of all evidence admitted pursuant to Rule 404(b)(2).
On that basis I separately conclude that evidence of the January 23 robberies must be excluded.